UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE., an individual,<br><br>        Plaintiff,<br><br>-against-<br><br>OHM APK LLC<br><br><br><br>        Defendant | CIVIL ACTION NO:  1:24-cv-1359<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff JANE DOE, by and through the undersigned counsel, and respectfully, submits her Complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by JANE DOE ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. OHM APK LLC ("Defendant") was the owner and operator of the subject premises and subject hotel located at 3731 Shadeland Ave, Indianapolis, IN 46226, during the relevant time period, and prior thereto, and as such responsible for the subject hotel doing business as the Motor 8 Inn.

3. Sex trafficking is defined under 22 U.S.C. § 7102 (11) as "The recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of a commercial sex act, in which the commercial sex act is induced by force, fraud, or coercion, or

in which the person induced to perform such an act has not attained 18 years of age."

4. Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and/or coercion by her trafficker to engage in commercial sex at the subject hotel in June 2021.

5. The Trafficking Victims Protections Reauthorization Act ("TVPRA") provides a civil remedy for victims of a violation of the act. Section 1595 of the TVPRA provides that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney's fees." 18 U.S.C. § 1595.

6. As it pertains to the subject Defendant, Plaintiff was sex trafficked at the aforesaid hotel by her trafficker in June 2021.

7. Sex trafficking occurred at this subject hotel in 2021 and, upon information and belief, prior thereto.

8. As a hotel owner and hotel operator, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

9. The passage of the TVPA in 2000 and the passage of the TVPRA in 2008 as well as numerous other legislative initiatives, put the Defendant on notice of the high likelihood of these illegal acts occurring on the subject hotel premises which, at a minimum, warranted them to be all the more vigilant and proactive in preventing this conduct.

10. Years before Plaintiff was trafficked, Defendant knew or should have known of the

critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

11. Before and during the relevant time period Defendant failed to implement sufficient educational and training programs on sex trafficking within its business chain of command, as well as failed to implement policies for preventing, identifying, reporting, documenting, investigating, and stopping sex trafficking at the subject hotel.

12. Had the Defendant timely and properly implemented policies and procedures common and reasonably accepted in the hospitality industry concerning anti-trafficking, safety and security it is more likely than not that the injuries suffered by the Plaintiff at the subject hotel would have been prevented or mitigated.

13. Due to the failure of Defendant to timely and properly implement anti-trafficking policies and practices, Plaintiff was repeatedly victimized and trafficked for sex on Defendant's premises in violation of the TVPRA.

## PARTIES

14. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym, "Jane Doe" or by their initials due to the foregoing.

15. Plaintiff is currently a resident of the State of Georgia.

16. As it pertains to this Defendant, Plaintiff was sex trafficked at the "subject hotel" located

at 3731 Shadeland Ave, Indianapolis, IN 46226 which occurred in June 2021.

17. At all times relevant and material, Defendant OHM APK LLC located at 3731 Shadeland Ave, Indianapolis, IN 46226 was authorized to do, licensed to do, and was doing business in the State of Indiana offering the subject hotel as a place of public lodging.

18. The principal place of business of Defendant OHM APK LLC is 3731 Shadeland Ave, Indianapolis, IN 46226.

## JURISDICTION AND VENUE

19. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and Defendant conducts business within this District pursuant to 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

### A. VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

21. In support of her action against Defendant, Plaintiff adopts and incorporates by reference all paragraphs contained in this Complaint, 1-20, set forth above as if fully set forth herein.

22. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against the above-captioned Defendant.

23. Plaintiff is a "victim" of sex trafficking as protected under applicable provisions of the TVPRA.

24. As it pertains to this Defendant, Plaintiff was sex trafficked at the subject hotel located at 3731 Shadeland Ave, Indianapolis, IN 46226 in June 2021.

25. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

26. Defendant knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for the room rented by her trafficker that was used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in June 2021.

27. Defendant rented room(s) to individuals it knew or should have known were engaged in the sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

28. The rental of a hotel room constitutes a financial benefit from a relationship with the trafficker sufficient to meet "financially benefitted" element of the §1595(a) standard.

29. Defendant participated in a venture by operating the subject hotel that rented rooms to individual(s) that Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

30. In this case, during the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA.

31. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

32. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit.

33. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

34. This subject hotel was privately owned and management, at the time at issue, reserved the right to refuse services to anyone.

35. This Defendant had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

36. During the time that Plaintiff was trafficked at the subject hotel in June 2021, upon information and belief, Plaintiff's trafficker had direct interaction with hotel employee(s) and staff by means of paying, befriending or compensating employee(s) and staff member(s) to act as lookout(s)/informant(s) for Plaintiff's trafficker so as to inform the trafficker of police activity or other similar type alerts or to allow trafficker to operate unfettered.

37. Defendant knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as they related to Plaintiff due to the many red flags then and there existing, including but not limited to: Trafficker carrying Plaintiff suspiciously within the parking lot; suspicious foot traffic to and from the subject hotel room; suspicious loitering outside the

subject hotel room; suspicious check in activity including check in with no luggage or few personal belongings; other commonly known sex trafficking red flags which the Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

38. A review of the hotel from 5 years ago states:

> **"A hooker tried to sell me heroin and herself at the same time."**

39. A review of the hotel from 7 years ago states:

> **"If you visit here KEEP ONE IN THE CHAMBER AT ALL TIMES! Scary place: crack-zombies wondering around at all hours, rude mgmt., police shining their lights in our faces, seeming to imply my GF is a prostitute... AND OVERPRICED!?!... And DIRTY; cockroaches etc."**

40. Defendant's failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and as a trafficked victim suffering the horror of being raped, and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with sex buyers, while being trafficked.

41. This hotel, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guests behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel (8) suspicious activity in parking lots and commons areas of hotel and (9) for other indicated reasons.

42. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent

cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking, including being raped, as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

43. As a direct and proximate result of Defendant's multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized at Defendant's hotel in violation of the TVPRA.

44. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a) All available compensatory damages for the described losses with respect to the above cause of action;

b) Past and future emotional distress;

c) Consequential and/or special damages;

d) All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e) Disgorgement of profits obtained through unjust enrichment;

f) Restitution;

g) All damages allowable under the TVPRA;

h) Reasonable and recoverable attorney's fees;

i) Punitive damages with respect to each cause of action;

j) Costs of this action; and

k) Pre-judgement and all other interest recoverable.

### DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: August 9, 2024

Respectfully submitted,

COHEN & MALAD, LLP

/s/ Gregory L. Laker
Gregory L. Laker, #10322-49
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
**T:** (317) 636-6481
**F: (**317) 636-2593
glaker@cohenandmalad.com

Randolph Janis, Esq., #3025020*
Douglas and London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
T: (212) 566-7500
F: (212) 566-7501
rjanis@douglasandlondon.com

*pro hac vice motion to be filed*
**Attorneys for Plaintiff**