## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE., an individual, | Case No.  1:24-cv-01359 |
| Plaintiff, | |
| -against- | Hon. |
| OHM APK LLC | |
| Defendant | |

### BRIEF IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM

Jane Doe ("Plaintiff") was sex trafficked at the subject hotel owned and operated by OHM APK LLC ("Defendant") located at 3731 Shadeland Avenue, Indianapolis, Indiana 462263 by her trafficker in June 2021.  Despite Defendant OHM APK LLC being put on notice of the high likelihood of sex trafficking occurring on their hotel premises through the passage of the TVPA in 2000 and the passage of TVPRA in 2008, along with many other legislative initiatives, Defendant knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking.

Defendant failed to implement sufficient educational and training programs on sex trafficking within its business chain of command as well as failed to implement policies for preventing, identifying, reporting, documenting, investigating, and stopping sex trafficking at the subject hotel.  There is a wealth of knowledge available for such education and training programs through the American Hotel Lodging Association (AHLA) and ECPAT-USA which have been available since 2012.  Such failures resulted in the Plaintiff being sex trafficked.

Plaintiff's name and other identifiable information is not contained in her Complaint to protect her safety, privacy and identity due to the sensitive, private, and potentially retaliatory allegations she has made against the Defendant. Plaintiff respectfully requests that this Court permit her to proceed under a pseudonym in this case.

## ARGUMENT

### I.   Legal Standard

The decision to allow a party to proceed using a pseudonym is within the sound discretion of the district court. *K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997); *Doe v. Indiana Black Expo. Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). Although there is a strong presumption in favor of identifying the parties in an open legal proceeding, the presumption "can be rebutted by showing that the harm to the plaintiff exceeds the likely harm from concealment." *Doe I v. Nat'l Collegiate Ath. Ass'n*, No. 1:23-cv-00542, 2023 U.S. Dist. LEXIS 71626, at *3 (S.D. Ind. Apr. 25, 2023) (citing *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)).

The Seventh Circuit has not articulated a test for assessing a plaintiff's request to proceed anonymously, but it has found that pseudonyms may be used to protect rape victims and particularly vulnerable parties or witnesses. *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). This Court utilizes a non-exhaustive six-factor test to determine whether a plaintiff's interest in privacy outweighs the presumption of openness in judicial proceedings:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the

2

public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Doe v. Trs. of Ind. Univ.*, 577 F. Supp. 3d 896, 902 (S.D. Ind. 2022) (quoting *Doe v. City of Indianapolis*, No. 1:12-cv-00062, 2012 U.S. Dist. LEXIS 24686, at *3 (S.D. Ind. Feb. 27, 2012) (citation omitted)).

## II.   The Relevant Factors Weigh Heavily in Favor of Permitting Plaintiff – a Young Victim of Sexual Assault, Sexual Harassment, Sexual Abuse, and Other Sexual Misconduct – to Proceed Under Pseudonym[1]

### A.   Plaintiff's Claims Involve Matters of the Utmost Intimacy

Allegations concerning sexual assault involve disclosure of precisely the type of information warranting a plaintiff's use of a pseudonym. *See Doe v. Butler Univ.*, 1:22-cv-01828, 2022 U.S. Dist. LEXIS 237384, at *9 (S.D. Ind. Nov. 18, 2022); *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017). Courts routinely recognize that sexual assault and abuse implicate issues of the utmost intimate and personal nature and, accordingly, allow victims to litigate anonymously. *See, e.g., Nat'l Collegiate Ath. Ass'n*, 2023 U.S. Dist. LEXIS 71626 (granting motion to proceed under pseudonym to former members of collegiate baseball team who alleged they were subjected to sexual misconduct and psychological abuse by their coaches); *L.W. v. Roman Cath. Archdiocese of Indianapolis, Inc.*, No. 1:21-cv-02397, 2021 U.S. Dist. LEXIS 230848 (S.D. Ind. Dec. 1, 2021) (allowing 18-year-old plaintiff who claimed he was sexually, physically, and emotionally abused to use pseudonym); *Doe v. Univ. of Chicago.*, No. 16 C 08298, 2017 U.S. Dist. LEXIS 153355, at *1 n.1 (N.D. Ill. Sept. 20, 2017) (permitting use of pseudonyms in collegiate Title IX case "in light of the allegations of sexual assault and severe emotional distress, and the relative youth of the individuals involved in the allegations"); *Doe v.*

---

[1] Plaintiff acknowledges that the first and third factors of the analysis are irrelevant because she is not challenging governmental activity and does not intend to engage in illegal conduct.

*Ind. Univ. Bloomington*, No. 1:16-cv-1480, 2016 U.S. Dist. LEXIS 195715 (S.D. Ind. Aug. 26, 2016) (allowing university student who alleged she was raped at a fraternity house to litigate under pseudonym); *Doe v. Marvel*, 1:10-cv-1316, 2010 U.S. Dist. LEXIS 130557 (S.D. Ind. Dec. 8, 2010) (granting motion to proceed anonymously where plaintiff alleged she was sexually assaulted by inmates while incarcerated).

Here, Plaintiff's claims relate to Defendant Howell's sexual, physical, and emotional abuse of her and other female student-athletes at Butler. This litigation will require disclosure of specific details of Howell's misconduct against Plaintiff, including, as set forth in her Complaint, Howell's touching and exposing her breasts and vaginal and groin areas; rubbing his penis and erection against her hands; and pressing his groin against her buttocks. These are highly personal and sensitive matters of extreme intimacy, and this factor weighs heavily in favor of permitting Plaintiff to utilize a pseudonym.

### B.    Public Identification of Plaintiff Would Place Her at Risk of Suffering Further Emotional and Mental Injury

Defendants' acts and omissions have already caused Plaintiff to suffer physical and emotional harm. Indeed, Butler's independent counsel specifically found, with respect to Howell's sexual assault and harassment of Plaintiff, "[t]he harm to [her] was severe and the effects resulting therefrom are likely to be profound and lasting." Should Plaintiff's name be disclosed publicly, she has a reasonable fear of embarrassment, public scrutiny, invasion of privacy, and social stigmatization, all of which place her at risk of further emotional and psychological suffering and injury. *See Nat'l Collegiate Ath. Ass'n*, 2023 U.S. Dist. LEXIS 71626, at *4-5; *Ind. Univ. Bloomington*, 2016 U.S. Dist. LEXIS 195715, at *5; *Marvel*, 2010 U.S. Dist. LEXIS 130557, at *6. Should Plaintiff be prohibited from using a pseudonym, her true name and case-related information will be easily accessible and identifiable through the Internet.

*See Purdue Univ.*, 321 F.R.D. at 343. Plaintiff should not have to be forever identified as the victim of Howell's depraved misconduct. Accordingly, this factor also weighs in favor of granting Plaintiff's motion.

### C. Defendants Know Plaintiff's Identity and Will Not Be Prejudiced If She Utilizes a Pseudonym

The fifth factor also favors Plaintiff's motion. Plaintiff and her teammates appeared and presented proof in confidential Title IX proceedings, and Defendants know their identities and that of other teammates and witnesses who may be called to testify in this litigation. Defendants will not be prejudiced by allowing Plaintiff to proceed anonymously because they know her true name and will not have any difficulties conducting discovery or presenting their defenses. *See Butler Univ.*, 2022 U.S. Dist. LEXIS 237384, at *13-14; *Ind. Univ. Bloomington*, 2016 U.S. Dist. LEXIS 195715, at *4; *Marvel*, 2010 U.S. Dist. LEXIS 130557, at *6-7.

### D. There Is No Compelling Public Interest in Knowing Plaintiff's True Identity

Finally, the sixth factor leans significantly in favor of anonymity. There is a vital public interest in maintaining the anonymity of students who are victims of sexual assault because requiring them to reveal their identities would chill the reporting of sexual assault and abuse and deter victims from seeking judicial relief. Moreover, "[t]he courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. The actual identit[y] of Plaintiff . . . [is] of minimal value to the public." *Purdue Univ.*, 321 F.R.D. at 343.

Accordingly, the relevant factors tilt the scales decidedly in favor of allowing Plaintiff to utilize a pseudonym in her lawsuit.

## **<u>CONCLUSION</u>**

Plaintiff respectfully requests that this Court enter the attached Proposed Order permitting her to proceed in litigation by the pseudonym "Jane Doe" and barring the parties from publicly filing information containing her unredacted name or personally identifiable information.

Respectfully submitted,

Date: August 9, 2024

COHEN & MALAD, LLP                          DOUGLAS AND LONDON, P.C.


/s/ *Gregory L. Laker*                          /s/ *Randolph Janis, Esq.*
Gregory L. Laker #10322-49                Randolph Janis, Esq., #3025020
One Indiana Square, Ste. 1400            59 Maiden Lane, 6th Floor
Indianapolis, IN 46204                        New York, NY 10038
T: (317) 636-6481                               T: (212) 566-7500
F: (317) 636-2593                               F: (212) 566-7501
glaker@cohenandmald.com              rjanis@douglasandlondon.com
F: (231) 252-8100

                                                        *Pro hac vice* motion to be filed


*Attorneys for Plaintiffs*