UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|     v. | )   No. 1:24-cv-01359-RLY-MKK |
| | ) |
| OHM APK LLC, | ) |
| | ) |
|        Defendant. | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion Seeking to Renew Her Application to Proceed under Pseudonym for Pretrial Proceedings and For an Evidentiary Hearing Pertaining to Said Relief Sought, Dkt. [37]. Defendant does not oppose the motion. (Dkt. 37-1 at 2). For the following reasons, the Motion remains under advisement, and the Court sets an evidentiary hearing in this matter.

**I.  Background**

Plaintiff, a survivor of sex trafficking, filed this action in which she alleges that Defendant, OHM APK LLC, violated 18 U.S.C. § 1595, the Trafficking Victims Protections Reauthorization Act ("TVPRA"). (Dkt. 1). Plaintiff filed the action under a pseudonym. The Court directed Plaintiff to file a notice of intention to seek leave to proceed under pseudonym and accompanying motion as required by Local Rule 10-1. (Dkt. 6). Plaintiff filed her Notice, (Dkt. 11), and her motion, (Dkt. 16). The Court denied Plaintiff's motion due to several substantial errors. (Dkt. 30). On

February 14, 2025, Plaintiff filed the renewed Motion now before the Court. (Dkt. 37). Defendant did not file a response.

## II. Applicable Standard

"The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). This principle is reflected by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). The Seventh Circuit's caselaw reflects this presumption against pseudonymous litigation. *See Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024) ("Judicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system."); *Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) ("'[t]he use of fictitious names is disfavored'") (quoting *Blue Cross & Blue Shield United*, 112 F.3d at 872); *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret"); *Blue Cross & Blue Shield United*, 112 F.3d at 872 ("Identifying the parties to the proceeding is an important dimension of publicness.").

Nevertheless, "exceptional circumstances" can justify pseudonymity for litigants seeking relief in federal court. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ("Not that

2

concealment of a party's name is always improper."). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from [concealing the party's identity]." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citations omitted). This requires the movant to show that the harm she faces "exceeds the likely harm from concealment." *Dettelbach*, 59 F.4th at 259 (quoting *City of Chicago*, 360 F.3d at 669).

The Seventh Circuit has identified some exceptional circumstances that constitute privacy interests warranting pseudonymity, such as "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses," *Blue Cross & Blue Shield United*, 112 F.3d at 872, or when there is a "danger of retaliation," *City of Chicago*, 360 F.3d at 669. Although an "allegation of fear of retaliation 'is often a compelling ground' in favor of anonymity," *Vill. of Deerfield*, 819 F.3d at 377 (citation omitted), generalized fear is not enough. *See Trs. of Ind. Univ.*, 101 F.4th at 491 ("A substantial risk of harm— either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined by the court—may justify anonymity."). Nor is a desire to avoid embarrassment. *Id.*

In *Trustees of Indiana University*, the Seventh Circuit found that the trial court abused its discretion when permitting the plaintiff to proceed anonymously "without finding that he [wa]s a minor, [wa]s at risk of physical harm, or face[d]

3

improper retaliation (that is, private responses unjustified by the facts as determined in court)." *Id.* at 493.

The decision to allow a litigant to proceed pseudonymously is entrusted to the discretion of the Court. *Trs. of Ind. Univ.*, 101 F.4th at 493; *Vill. of Deerfield*, 819 F.3d at 376. This discretion comes with "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts," even if the motion to proceed under a fictious name is not opposed. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also* S.D. Ind. L.R. 10-1 (advisory committee comments) ("The court has an independent duty to determine whether the potential harm to a litigant exceeds the presumption that judicial proceedings are open to the public, such that the litigant should be permitted to proceed under a pseudonym.").

### III. Discussion

Plaintiff moves the Court to allow her to proceed under a pseudonym and for an evidentiary hearing as needed for her request. (Dkt. 37-1 at 6). In support of her motion, Plaintiff argues that her "safety and privacy interests as a sexual trafficking victim and the potential for social stigma outweigh the need for disclosure." (*Id.* at 4). Defendant does not oppose the motion. (*Id.* at 2). Nevertheless, the Court maintains "an independent duty to determine whether exceptional circumstances" overcome the presumption of proceedings open to the public. *Blue Cross & Blue Shield*, 112 F.3d at 872.

Plaintiff directs the Court to a multifactor analysis previously used by courts in this District. (Dkt. 37-1 at 3). But as Plaintiff correctly notes, (*id.*), the Seventh Circuit expressly noted that it has not adopted this framework, *see Trustees of Indiana University*, 101 F.4th at 492 ("The magistrate judge's brief opinion mentions a multifactor approach drawn from opinions of a few district judges, an approach that has not been adopted by this circuit."). Therefore, the Court declines to analyze said factors. Instead, the Court will focus on Plaintiff's argument that she faces a risk of physical harm and retaliation. (Dkt. 37-1 at 5).

To determine "whether there is a substantial risk of serious retaliatory harm," the Court may consider "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Doe v. Cook Cnty., Ill.*, 542 F. Supp. 3d 779, 785 (N.D. Ill. June 3, 2021).

Plaintiff argues that "forcing her to proceed without the Court's protection of a pseudonym will exacerbate the harms and trauma central to her claims and perhaps result in retribution from her perpetrators." (Dkt. 37-1 at 5). Plaintiff further adds that she "may reasonably be threatened with violence of physical harm by proceeding in her own name." (*Id.*). While the Court is sympathetic to these concerns, Plaintiff does not provide evidence to support her claims. In *Trustees of Indiana University*, the Seventh Circuit suggests a magistrate judge cannot "find that [a plaintiff] faces a risk of physical harm or retaliation . . . without an evidentiary hearing[]." *Trs. of Ind. Univ.*, 101 F.4th at 492. As such, the Court finds

5

it necessary to hold an evidentiary hearing before determining whether Plaintiff may proceed under pseudonym. At said hearing (or in advance of said hearing, by way of stipulated exhibits or affidavits), the parties may offer evidence regarding whether Plaintiff faces a substantial risk of harm and whether Defendant faces any prejudice if Plaintiff's request is granted.

### IV. Conclusion

For the reasons set forth above, the Motion remains under advisement, and the Court sets an evidentiary hearing for **June 25, 2025, at 12:30 p.m. (Eastern)**, in **Courtroom 243**, 46 E. Ohio Street, Indianapolis, Indiana.

So **ORDERED**.

Date: 05/01/2025

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via CM/ECF