UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01359-RLY-MKK |
| | ) |
| OHM APK LLC, | ) |
| | ) |
| Defendant. | ) |

### ORDER

For the reasons set forth below, Plaintiff's Motion Seeking to Renew her Application to Proceed Under Pseudonym, Dkt. [37], is **GRANTED**.

**I.   Background**

Plaintiff Jane Doe filed suit against Defendant OHM APK LLC alleging she is a survivor of sex trafficking under, and a victim of violations of, the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 ("TVPRA"). (Dkt. 1 at 1–3, 4). According to the Complaint, Defendant owns and operates the hotel at which Plaintiff was sex trafficked in June 2021. (*Id.* at 2, 5). Plaintiff seeks damages, attorney's fees, and costs pursuant to the TVPRA. (*Id.* at 8–9).

**II.  Plaintiff's Motion**

On February 14, 2025, Plaintiff filed the unopposed Motion now before the Court, seeking to proceed under a pseudonym. (Dkt. 37). In the Motion, she also requested that the Court set the matter for an evidentiary hearing. (*Id.*).

The Court scheduled the matter for an evidentiary hearing on June 25, 2025, (Dkt. 42), at which Plaintiff was expected to testify, (Dkt. 44). After Plaintiff suffered injuries which rendered her unavailable to testify, the Court continued the hearing to October 1, 2025. (Dkt. 54).

On September 24, 2025, Plaintiff filed an unopposed motion to vacate the evidentiary hearing and proceed by written submissions. (Dkt. 57). In conjunction with her motion, Plaintiff filed two exhibits under seal: (1) the sworn declaration of Plaintiff, (Dkt. 58), and (2) court records and police reports pertaining to criminal cases in which Plaintiff was the victim, (Dkt. 58-1). Defendant did not oppose the request to vacate the hearing and proceed via written submissions, and the Court granted that request. (Dkt. 59).

### III. Legal Standard

"The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). This principle is reflected by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). The Seventh Circuit's caselaw reflects this presumption against pseudonymous litigation. *See Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024) ("Judicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system."); *Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) ("'[t]he use of

fictitious names is disfavored'") (quoting *Blue Cross & Blue Shield United*, 112 F.3d at 872); *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret"); *Blue Cross & Blue Shield United*, 112 F.3d at 872 ("Identifying the parties to the proceeding is an important dimension of publicness.").

Nevertheless, "exceptional circumstances" can justify pseudonymity for litigants seeking relief in federal court. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ("Not that concealment of a party's name is always improper."). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from [concealing the party's identity]." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citations omitted). This requires the movant to show that the harm she faces "exceeds the likely harm from concealment." *Dettelbach*, 59 F.4th at 259 (quoting *City of Chicago*, 360 F.3d at 669).

The Seventh Circuit has identified some exceptional circumstances that constitute privacy interests warranting pseudonymity, such as "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses," *Blue Cross & Blue Shield United*, 112 F.3d at 872, or when there is a "danger of retaliation," *City of Chicago*, 360 F.3d at 669. Although an "allegation of fear of retaliation 'is often a compelling ground' in favor of

3

anonymity," *Vill. of Deerfield*, 819 F.3d at 377 (citation omitted), generalized fear is not enough. *See Trs. of Ind. Univ.*, 101 F.4th at 491 ("A substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined by the court—may justify anonymity."). Nor is a desire to avoid embarrassment. *Id.*

The decision to allow a litigant to proceed pseudonymously is entrusted to the discretion of the Court. *Trs. of Ind. Univ.*, 101 F.4th at 493; *Vill. of Deerfield*, 819 F.3d at 376. This discretion comes with "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts," even if the motion to proceed under a fictious name is not opposed. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also* S.D. Ind. L.R. 10-1 (advisory committee comments) ("The court has an independent duty to determine whether the potential harm to a litigant exceeds the presumption that judicial proceedings are open to the public, such that the litigant should be permitted to proceed under a pseudonym.").

IV.   **Discussion**

In support of her request to proceed under a pseudonym, Plaintiff argues that she is entitled to protection as a rape victim. (Dkt. 37-1 at 4). Because the allegations are "sensitive, highly personal, and involve the utmost intimacy," the case will require "disclosure of her private, sensitive, and stigmatizing information." (*Id.* at 1). Thus, "her safety and privacy interests as a sexual trafficking victim" warrant protection, she asserts. (*Id.* at 4). Plaintiff also argues that "she may

4

reasonably be threatened with violence of physical harm by proceeding in her own name." (*Id.* at 5). She points to past "traumatic injuries, physical and sexual violence and commercial sexual exploitation" to demonstrate that this fear is not speculative. (*Id.*). Plaintiff further asserts that Defendant will not be prejudiced by her use of a pseudonym. (*Id.* at 1).

Plaintiff has offered (uncontested) evidence that she was a victim of a sex crime and that the offense in question occurred at Defendant's property. (Dkt. 58 at 2; Dkt. 58-1 at 15–21). As such, discovery is likely, if not guaranteed, to require the disclosure of very intimate information. Disclosure of this type of information—*i.e.*, allegations of unwanted sexual contact—weighs in favor of permitting pseudonyms. *See Trs. of Ind. Univ.*, 101 F.4th at 492 (distinguishing claim of sex discrimination from one involving "what happened during sexual relations"); *Doe v. Loyola Univ. Chicago*, 100 F.4th 914 (7th Cir. 2024) ("Courts often extend the protection of anonymity to victims of sex crimes" (citing *Blue Cross*, 112 F.3d at 872)); *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341–42 (N.D. Ind. 2017) (allowing a plaintiff to proceed anonymously in a matter containing allegations of sexual misconduct); *Doe v. Nat'l Collegiate Athletic Ass'n*, No.1:23-cv-542-SEB-MJD, 2023 WL 3074907, at *2 (S.D. Ind. Apr. 25, 2023) (allowing plaintiffs to litigate anonymously when their complaints involved allegations of sexual misconduct and coaches' abusive behavior).

The Court also finds that Plaintiff has offered sufficiently specific allegations regarding threats of retaliation and future physical harm, such that the threats

5

surpass a generalized fear. Nor do they equate to a mere desire to avoid embarrassment. The evidence presented by Plaintiff establishes that the sex crime alleged in the current lawsuit, (Dkt. 1 at 2, 5), involved the use of force, (*see* Dkt. 58-1 at 1, 3). This fact gives support to Plaintiff's belief and fear that "perpetrators of this crime [will] com[e] after" her. (Dkt. 58 at 2). In addition, the Court notes that Defendant does not challenge Plaintiff's assertion that denying her request to proceed under a pseudonym would "exacerbate the harms and trauma central to [her] claims." (Dkt. 58 at 3; *see also* Dkt. 1 at 8 (alleging "trauma led to depression, anxiety disorders, and PTSD")).

On the other hand, the Court does not find that Defendant will suffer any prejudice if Plaintiff's request is granted. Allowing Plaintiff to continue under a pseudonym will not unduly hamper Defendant's ability to defend its case. Indeed, liability discovery has commenced, and the Court has received no report that Plaintiff's pseudonymity has hindered the parties' endeavors in this area. Nor has any adverse effect on third-party discovery been reported to the undersigned. In any event, the relevant standard does not require the lack of *any* prejudice to Defendant but only that the risk of harm to Plaintiff "exceeds the likely harm from concealment." *Dettelbach*, 59 F.4th at 259 (quoting *City of Chicago*, 360 F.3d at 669). That standard is satisfied here.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion Seeking to Renew her Application to Proceed Under Pseudonym. Dkt. [37].

So **ORDERED**.

Date: 09/26/2025

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.